## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| **BEVERLY OAKER,** | ) | |
| **on behalf of K.R., a minor child,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:21-cv-04242-MDH** |
| | ) | |
| **CHRISTOPHER SKILES, MICHAEL COUTY,** | ) | |
| **COLE COUNTY, MISSOURI,** | ) | |
| **JOHN DOE, et al., and KATHY LLOYD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court are defendant Kathy Lloyd's Motion to Dismiss (Doc. 9); defendant Cole County's Motion to Dismiss (Doc. 11); and defendant Michael Couty's Joinder in Cole County's Motions to Dismiss, or in the alternative, Motion for Judgment on the Pleadings (Doc. 21). The motions are fully briefed and ripe for review.

## BACKGROUND

On November 18, 2021, Plaintiff Beverly Oaker on behalf of K.R., a minor child and former ward of the State of Missouri, filed her Petition in the Circuit Court of Cole County, Missouri. The case was removed on December 27, 2021.

Plaintiff alleges he was subjected to excessive force on several occasions, while staying at the Prenger Family Center, a juvenile detention facility where he was placed after the County (Family Court) removed him from his home. The first incident is alleged to have occurred in December 2020 when Plaintiff claims defendant Christopher Skiles ("Skiles") "restrained" Plaintiff "by grabbing the back of his shirt collar and belt loop, placing him on the floor, and lying

1

down on top of" Plaintiff.  Plaintiff also alleges that "[o]ther," unidentified staff "yanked [Plaintiff] off [a] table" causing Plaintiff to hit the floor.  Plaintiff alleges that Skiles regularly and openly antagonized Plaintiff and threatened him and other children by using foul and profane language, inciting violence among the children, and numerous other alleged behaviors that created a violent and hostile environment.  Plaintiff alleges defendant Couty was aware of Skiles behavior and did not take any action to correct or eliminate the behavior.  In addition, Plaintiff alleges the injuries he suffered were not documented by the nurse who was present and that Plaintiff also showed his injuries to at least six other staff members who did not report the injuries.  Plaintiff alleges photographs were taken of his injuries but then later disappeared.

Plaintiff brings one claim against Defendant Lloyd in Count II pursuant to 42 U.S.C. § 1983 for failure to train. Plaintiff's sole claim against the County is also set forth in Count II. Plaintiff claims the County and Lloyd failed to train the Prenger Center Staff on how to safely restrain children and the reporting of incidents at the center. Plaintiff alleges the Defendants' failure to train "reflected . . . an official policy or governmental custom" and that Defendants acted with deliberate indifference.

Plaintiff includes defendant Couty in Count II and also brings claims for failure to supervise pursuant to § 1983 (Count III); negligent supervision of an employee (Count V); and negligent supervision of a child (Count VI) against Couty.  Defendants Lloyd, the County and Couty move to dismiss all claims raised against them.[1]

---

[1] Defendant Skiles has filed an Answer to Plaintiff's Complaint.

**STANDARD**

A motion to dismiss is the proper method to test the legal sufficiency of a complaint. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). Federal Rule 12(b)(6) states that a party may move for dismissal of all or part of the claims against it if the allegations, taken as true, fail to state a claim for which relief can be granted. The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citation omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level" and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, "the tenet a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

**DISCUSSION**

1. **Defendant Lloyd's Motion to Dismiss (Doc. 9).**

Defendant Lloyd, the state court administrator, is sued in her official capacity as an official working for the Missouri State Courts, and by extension the State of Missouri (hereinafter "the State"). Count II is a § 1983 claim for failure to train against defendants Couty, Lloyd and Cole County. The Petition alleges, in part, defendant Skyles had undergone certain training directed by Lloyd on how to physically restrain children and on making reports of incidents involving the restraint of children. Plaintiff alleges Lloyd knew or should have known that Prenger Family Staff would have occasion to physically restrain children and that she had a duty to adequately train the

3

staff on how to safely restrain and how to report incidents. Plaintiff alleges Lloyd failed to adequately train defendant Skiles to properly and safely restrain children, because on December 31, 2020, he restrained K.R in a way that caused him pain and bruising. Plaintiff further alleges Lloyd was deliberately indifferent to the safety needs of K.R. and that the Prenger Family Center staff were "vaguely advised" to "use minimal force or your best judgment" and that this advice did not adequately guide defendant Skyles. A review of the Petition reflects that Plaintiff's claims are based on the incident with K.R. and Skyles. While Plaintiff alleges Lloyd's failure to train reflected an "official policy or governmental custom of Cole County" Plaintiff does not allege any incidents involving this alleged failure other than Plaintiff's.

Lloyd moves to dismiss stating, "[a] Plaintiff wishing 'to sue a state official in [her] personal capacity must so specify in her complaint.'" Citing *Egerdahl v. Hibbing Cmty. Coll*., 72 F.3d 615, 619 (8th Cir. 1995)(citation omitted). Lloyd argues Plaintiff's Petition should be interpreted "as including only official-capacity claims."

Plaintiff's Petition states the following:

¶ 9. Defendant Kathy Llloyd was at all relevant times the Missouri State Courts Administrator who acted under color of state law, and the acts and omissions of Defendant Lloyd complained of herein represent those of an official policy or government custom of Defendant Cole County, as well as its deliberately indifferent failure to train and supervise as alleged herein.

42 U.S.C. § 1983, provides a right of action against "persons." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citation omitted). Plaintiff's suit against Defendant Lloyd in her official capacity is essentially a suit against the State of Missouri itself. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a

State nor its officials acting in their official capacities are 'persons' under § 1983." *Id*. Because Plaintiff does not bring an action against Lloyd in her individual capacity, Lloyd argues Plaintiff fails to state a claim against a "person" under § 1983.

In addition, Lloyd argues an "official capacity [suit] is equivalent to a suit against the government entity itself, and sovereign immunity therefore applies with equal force[.]" Citing *B.A.B, Jr. v. Board of Educ. Of City of St. Louis*, 698 F.3d 1037, 1041 (8th Cir. 2012). Plaintiff brings her claims against Defendant Lloyd in her official capacity and Lloyd argues the Court should dismiss the claim with prejudice.

Plaintiff's opposition argues that the "allegations plausibly say that Plaintiff sues Defendant Lloyd not in her capacity as an official of the State of Missouri but of Defendant Cole County; and counties are "persons" amenable to suit under Section 1983." Plaintiff argues "it is true Lloyd is employed by the State of Missouri" but that she is an official of defendant Cole County pursuant to statute and wears two hats: a state-official hat and a Cole County official hat. Plaintiff further contends that the alleged inadequate training program for how to restrain Plaintiff, demonstrated a pattern of constitutional violations.

After reviewing the record before the Court, the Court **GRANTS** Lloyd's motion to dismiss. Lloyd is a state court administrator sued in her official capacity and as a result the § 1983 claim against her in her official capacity fails to state a claim and Lloyd is hereby dismissed.

2. **Defendant County's Motion to Dismiss (Doc. 11).**

Plaintiff's claim against the County (Count II) alleges it failed to properly train Skiles and other Prenger staff on how to properly restrain individuals and the County's alleged failure to train "reflected . . . an official policy or governmental custom."

Defendant argues Plaintiff's claim implicitly or explicitly brings a claim based on *respondeat superior*, or some unspecific governmental policy, procedure, or custom and should be dismissed. In addition, Defendant argues Plaintiff has failed to allege notice of deliberate indifference and has failed to allege prior incidents which would constitute notice. For all these reasons Defendant argues Plaintiff's claim against the County should be dismissed.

Here, the Court has reviewed the Petition and while it makes no ruling on whether Plaintiff may ultimately prevail on the claim for failure to train against the County, the Court finds Plaintiff has pled enough to survive a motion to dismiss pursuant to the notice pleading requirements of the federal rules. The Court also finds that Plaintiff's factual allegations are sufficient to put Defendant on notice of acts, which if proved, would constitute deliberate indifference and as a result Plaintiff has pled enough to survive a motion to dismiss. However, in order to ultimately prevail on Plaintiff's claim against the County Plaintiff must prove more than general conclusions of deliberate indifference. The Court **DENIES** the County's Motion to Dismiss Count II.

Defendant's Motion to Dismiss also argues that Plaintiff's claims alleging failure to supervise (Count III), negligent supervision of an employee (Skiles) (Count V), and negligent supervision of a child (Plaintiff) (Count VI) should be dismissed. However, Plaintiff's response clarifies that these Counts are not brought against the County (they are claims against defendant Couty) and the sole count against the County is Count II. As a result, the County's motion to dismiss Counts III, V, and VI is denied as moot as there is no claim pending against it in those counts.

3. **Defendant Couty's Joinder in Cole County, Missouri's Motion to Dismiss or in the alternative, Motion for Judgment on Pleadings. (Doc. 21).**

Defendant Couty has filed a "Joinder in Cole County, Missouri's Motions to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings." [2] Couty is a retired Juvenile Officer for the Family Court Division of the Circuit Court in Cole County. Plaintiff alleges Couty's duties included ensuring that Prenger Family Center staff be adequately trained to provide for the safety of the children and to report incidents involving the restraints of children. In addition, with respect to Couty, Plaintiff alleges defendant Couty was "aware of Defendant Skiles violent and hostile behavior toward the children living at the Prenger Family Center, yet he did not take any action to correct or eliminate such behavior." Couty moves to dismiss the following claims raised against him: Count II: Failure to Train – 42 U.S.C. § 1983; Count III: Failure to Supervise – 42 U.S.C. § 1983; Count V: Negligent Supervision of an Employee; and Count VI: Negligent Supervision of a Child.

Couty argues Count II and Count III, brought under 42 U.S.C. § 1983, fail as a matter of law because *respondeat superior* is an insufficient basis for liability and the Petition fails to allege a specific unconstitutional official policy or custom. Similar to Llloyd and the County's motions to dismiss, Couty argues Plaintiff's "threadbare recitals and conclusions" do not allege enough to plead a claim of constitutional violations based on Plaintiff's incident. In addition, Couty argues the Petition is devoid of any factual allegation that he acted directly towards Plaintiff or with deliberate indifference to Plaintiff's rights. Defendant also contends Plaintiff does not allege Couty had prior notice of any subordinate employees who acted in a manner which would indicate

---

[2] Couty moves to dismiss but in the alternative moves for judgment on the pleadings. The Court analyzes the motion as a motion to dismiss and finds a motion for judgment on the pleadings premature.

polices and training were insufficient or unconstitutional. Plaintiff's only additional allegations (not raised against Lloyd or the County) is that Couty was "aware of Defendant Skile's violent and hostile behavior toward children" and that he "did not take any action to correct or eliminate such behavior."

Here, the Court finds that Plaintiff has pled enough to survive a motion to dismiss. Whether Plaintiff may ultimately prevail or be able to provide evidence to support the claims raised is not presently before the Court. The Court agrees that Plaintiff cannot bring a claim based on *respondeat superior* but finds that Plaintiff has pled allegations that include a claim not based on *respondeat superior*. The Court **DENIES** Couty's Motion to Dismiss Counts II and III - Plaintiff's § 1983 claims.

Finally, Couty argues Count V - Negligent Supervision of an Employee and Count VI - Negligent Supervision of a Child are state law negligence claims and as a result Couty is entitled to official immunity as a public official as he was acting within the course and scope of his job duties as a juvenile officer. The Court agrees that Couty's role regarding his supervision of Skiles, or any Prenger employee, would most likely be found to constitute a discretionary act under state law. However, courts in determining whether an act is discretionary or ministerial must consider the factual circumstances of Plaintiff's claims. See e.g., *Clines v. Special Admin. Bd. Transitional Sch. Dist. of the City of St. Louis*, No. 4:18-CV-00153-NAB, 2020 WL 3036053, at *11 (E.D. Mo. June 5, 2020) (stating the test for whether an act is discretionary or ministerial is fact-intensive); citing, *Teague v. St. Charles County*, 708 F.Supp. 2d 935, 940-41 (E.D. Mo. 2010); see also *Fortenberry v. City of St. Louis*, No. 4:18-CV-01937-JCH, 2019 WL 1242671, at *7 (E.D. Mo. Mar. 18, 2019) (finding a more complete record was necessary and the issue of official immunity is more appropriate for a motion for summary judgment). Wherefore, the Court finds the issue of

8

immunity is better suited for a motion for summary judgment and as a result will not dismiss Plaintiff's tort claim based on official immunity at this time.

## CONCLUSION

Wherefore, for the reasons set forth herein the Court **GRANTS** defendant Lloyd's Motion to Dismiss. The Court **DENIES** defendant County's Motion to Dismiss Count II. The Court **DENIES** defendant Couty's Motion to Dismiss.

**IT IS SO ORDERED.**

DATED: July 21, 2022

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**